**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30136 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 6:17-cr-00017-CCL-1 |
| ERNEST JABLONSKY, DBA Montana Big Game Pursuits, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted August 28, 2019[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Appellant, Ernest Jablonsky, was prosecuted for violating the Lacey Act, 16

U.S.C. §§ 3371–78, which in relevant part governs the taking and transport of wild

animals. He moved to dismiss Count II of the indictment, claiming that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

mountain lion was legally taken because the hunter-client had all the necessary permits to hunt. Hence, he argues, there was no illegal taking to serve as a predicate for a crime under the Lacey Act. The district court denied Appellant's motion because Appellant did not have the necessary special-use permit to engage in outfitting services on federal land. Appellant then entered a conditional plea agreement, reserving his right to appeal the district court's ruling. This appeal followed. We affirm.

The Lacey Act makes it unlawful "to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States." 16 U.S.C. § 3372(a)(1). The Act treats "outfitting" as a "sale" of wildlife. *Id.* § 3372(c)(1)(A); *see United States v. Atkinson*, 966 F.2d 1270, 1273 (9th Cir. 1992). Here, Appellant failed to obtain a necessary special-use permit before outfitting the hunt on National Forest Service lands. 36 C.F.R. § 251.50(a).

Appellant's assertion that no crime was committed because his hunter-client had the necessary permits to hunt mountain lions on federal land is unavailing. Appellant concedes that he outfitted the hunt and that he failed to obtain a special-use permit, as required by 36 C.F.R. § 251.50. Thus, despite his client's having all the necessary permits to hunt, the fact remains that Appellant had no legal

2

authority to provide the commercial outfitting for a hunt on National Forest

Service land.  The illicit commercial outfitting constituted an illegal sale under

§ 3372(c) of the Lacey Act.  16 U.S.C. § 3372(c); 36 C.F.R. § 251.50.

**AFFIRMED.**